NAME __Jesse Stephen King__

PRISON NUMBER __K68407__

CURRENT ADDRESS OR PLACE OF CONFINEMENT
__S.V.S.P.__
__P.O. Box 1050    # D1-132__

CITY, STATE, ZIP CODE
__Soledad, California # 93960__

FILED

AUG 18 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

E-filing

PJH

__Jesse Stephen King__,
(FULL NAME OF PETITIONER)

**PETITIONER**

v.

__Mike Evans__,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

__Jerry Brown__,

The Attorney General of the State of
California, Additional Respondent.

Civil No. _____
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

CV 08    3943

(PR)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   __San Bernardino # FWV011147__

2. Date of judgment of conviction: __10/13/1996__

3. Trial court case number of the judgment of conviction being challenged: _____
   __FWV011147__

4. Length of sentence: __Life + 35 Years__

CIV 68 (Rev. Dec. 1998)                                   K:\COMMON\FORMS\CIV-68.

5. Sentence start date and projected release date: __10 / 12 / 1996    to    2030__

6. Offense(s) for which you were convicted or pleaded guilty (all counts): __187 (A)__

7. What was your plea? (CHECK ONE)
    (a) Not guilty         ☒
    (b) Guilty             ☐
    (c) Nolo contendere    ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a) Jury         ☒
    (b) Judge only ☐

9. Did you testify at the trial?
    ☒ Yes ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: __Denied__
    (b) Date of result, case number and citation, if known: _____

    (c) Grounds raised on direct appeal: _____
    _____
    _____
    _____

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: __Denied__
    (b) Date of result, case number and citation, if known: _____

    (c) Grounds raised: _____
    _____
    _____
    _____

5. Sentence start date and projected release date: ___10/13/1997 - Never___

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _____
   187 (n)

7. What was your plea? (CHECK ONE)
   (a) Not guilty        ☒
   (b) Guilty            ☐
   (c) Nolo contendere   ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury        ☒
   (b) Judge only ☐

9. Did you testify at the trial?
   ☑ Yes  ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: __Denied__
    (b) Date of result, case number and citation, if known: _____

    (c) Grounds raised on direct appeal: _____

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: __Denied__
    (b) Date of result, case number and citation, if known: _____

    (c) Grounds raised: _____

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the
following with respect to that petition:

   (a) Result: __NEVEN__

   (b) Date of result, case number and citation, if known: _____

   (c) Grounds raised: _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you
previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas
Corpus) with respect to this judgment in the **California Superior Court**?
☒ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:

   (a) **California Superior Court** Case Number: _____

   (b) Nature of proceeding: _____

   (c) Grounds raised: _FiRST AMENDMENT UNITED STATES_
   _CONSTITUTIONS FOR ABRIDGING THE FREEDOM_
   _OF SPEECH WHEN ISUI. BNAUO is SEALING_
   _ADDRESSES telling me NOT to WRITE People._

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes  ☒ No

   (e) Result: _____

   (f) Date of result: _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you
previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas
Corpus) with respect to this judgment in the **California Court of Appeal**?
☒ Yes  ☐ No

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _Never_

    (b) Date of result, case number and citation, if known: _____

    (c) Grounds raised: _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    ☐ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number: _____

    (b) Nature of proceeding: _____

    (c) Grounds raised: _First Amendment United States Constitution For Abridging The Freedom of Speech when JSU Hensley is Stealing Addresses telling me not to write people Asking For Help_

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result: _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    ☑ Yes  ☐ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number:_____

    (b) Nature of proceeding: _____

    (c) Grounds raised: *CaliForniA CowStiTuTiow First AmAudnenr*
*    to PeTiTiow The GovernmenT For A RedAess of*
*    GrievAvces.*

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☒No

    (e) Result: _*dewied*_____

    (f) Date of result: _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes  ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number:_____

    (b) Nature of proceeding: _____

    (c) Grounds raised: _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☒No

    (e) Result: _*dewied*_____

    (f) Date of result: _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

S 14 9938 EN BANC DENIED FEB 21, 2007

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☒ Yes ☐ No    (IF "YES" SKIP TO #22)
   (a) If no, in what federal court was the prior action filed? _____
   (i) What was the prior case number? _____
   (ii) Was the prior action (CHECK ONE):
      ☐ Denied on the merits?
      ☐ Dismissed for procedural reasons?
   (iii) Date of decision: _____
   (b) Were any of the issues in this current petition also raised in the prior federal petition?
      ☐ Yes ☒ No
   (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
      ☐ Yes ☒ No

## CAUTION:

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?

☐ Yes  ☒ No

**24.** If your answer to #23 is "Yes," give the following information:

(a) Name of Court: _____

(b) Case Number: _____

(c) Date action filed: _____ .

(d) Nature of proceeding: _____

(e) Grounds raised: _____

_____

_____

_____

(f) Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes  ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: ___ Halve  Day  Schiffman ___

(b) At arraignment and plea: _____

(c) At trial: _____

(d) At sentencing: _____

(e) On appeal: Michael  Dashjian _____

(f) In any post-conviction proceeding: _____

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☒ Yes  ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☒ No

   (a) If so, give name and location of court that imposed sentence to be served in the future:

   _____

   (b) Give date and length of the future sentence: _Life + 35 Years_
   _Ten Years For A Gun_

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   ☐ Yes  ☒ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
   _8 / 12 / 2008_

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_8 / 12 / 2008_                          _Jesse Stephen King_

(DATE)                                   SIGNATURE OF PETITIONER

—

NO PAGE 1 - 2
("    "  1 - 6

6.  GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)

THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION PROTECTS THE RIGHT TO FREEDOM OF RELIGION AND THE FREEDOM OF EXPRESSION FROM GOVERNMENT INTERFERENCE. FREEDOM OF EXPRESSION CONSISTS OF THE RIGHTS TO FREEDOM OF SPEECH, PRESS, ASSEMBLY AND TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES, etc.

a.  Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. If necessary, attach additional pages. CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

PRISONER MAIL CENSORSHIP ON CORRESPONDENCE STARTS WITH ACCESS TO PERSONAL ADDRESSES WHICH THE SUPPRESSION OF EXPRESSION OF THE FIRST AMENDMENT, IS PLAINLY A "LIBERTY" INTEREST WITHIN THE MEANING OF THE FOURTEENTH AMENDMENT 2004 ATTORNEY PHONE BOOK IS THE ONLY ONES HERE. THAT RULE CONSTITUTED AN UNJUSTIFIABLE RESTRICTION ON THE RIGHT OF ACCESS TO THE COURTS. "THE USE OF THE MAIL IS ALMOST AS MUCH A PART OF FREE SPEECH AS THE RIGHT TO USE OUR TONGUES ...."
      HOW DO I GET EXCULPATORY EVIDENCE THAT THE PROSECUTOR FAILED TO PROVIDE TO THE DEFENDANT. IN ORDER TO PROVE A FUNDAMENTAL MISCARRIAGE OF JUSTICE I NEED NEWLY DISCOVERED EVIDENCE PENAL CODE #1473.6 HOW DO I GET A REDACTED TESTIMONY IF I CAN'T FIND THERE ADDRESS IN A LAWYERS DIRECTORY? THE MOST BASIC COMPONENT OF FREEDOM OF EXPRESSION IS THE RIGHT OF FREEDOM OF SPEECH. THE RIGHT TO FREEDOM OF SPEECH ALLOWS INDIVIDUALS TO EXPRESS THEMSELVES WITHOUT INTERFERENCE OR CONSTRAINT BY THE GOVERNMENT. RIGHT TO FREEDOM OF ASSOCIATION AND BELIEF IS IMPLICIT IN THE FIRST, FIFTH, AND FOURTEENTH AMENDMENT. I SHOULD BE ABLE TO HAVE WHITE PAGES NORMAL PHONE BOOKS.

b.  Supporting cases, rules, or other authority (optional):

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

PROCUNIER VS - MARTINEZ 416 US 396 (1974)
MILWAUKEE SOCIAL DEMOCRATIC PUBLISHING CO. V. BURLESON 255
TALLEY V. CALIFORNIA 362 U.S. 60 65 (1960) US. 407, 437 (1921)
BRADY V. MARYLAND (1963) 373 US 83, 83 CT 1194, 10 LEd 2d 215
PENAL CODES #5058 #2601 #5054 DOM #14010.19 + 52080.21
OPERATIONAL MANUAL #54010.8 APPEALS RELATING TO MAIL AND CORRESPONDENCE

7. **Ground 2 or Ground _____** (if applica..):

RIGHTS OF ACCESS to COURTS · THE STATE'S duty NOT to INTERFERE WITH SUCH USE. OBSTACLES THAT INTERFERE WITH THE Ability to PRESENT ONE'S CASE EFFECTIVELY Are ACTIONABLE

a. Supporting facts:

EXONERATING Evidence OF A WRONGFUL CONVICTION OBTAINED THROUGH PROSECUTOR "CORRUPTION" I CAN'T PROVE WHEN GUARDS STEAL Addresses FROM A PRIVATE EYE Hired. How do I GET NEW Evidence? RECANTED TESTIMONY deprivation OF FIRST AMENDMENT RIGHTS violate THE CONSTITUTIONAL GUARANTEES OF FREEDOM OF SPEECH. To PROVE Suppression OF EXCULPATORY Evidence by THE Prosecution Catherine Friedman I'd HAVE to CALL WRITE OR SEND A PRIVATE EYE OVER to ASK. I HAVE A "direct Order" NOT to WHICH violates my RIGHT OF ACCESS to COURTS. ANY "WHITE PAGES" WITH A COMPUTER directory THE GUARDS Are STEALING WITHOUT letting me MAIL THEM HOME 5 TIMES THIS PAST YEAR I.S.U TRASHED my CELL leaving BEHIND PAPERS ALL OVER THE FLOOR. EACH TIME GUARDS HAVE tolk STUFF FROM my Cellie leaving THEM WANTING to kick my butt. I've BEEN Locked inside A small Holding ROOM FOR Hours to RETURN to A Cell WITHOUT ANYTHING. Giving COC115 discipline FOR WRITING ATTORNEYS AND GUMSHOES! Forced by GUARDS to MAIL HOME my TELEVISION THAN SENT to live in SOLITARY CONFINEMENT. 28 U.S.C # 2244(d) HAS A TIME bar WHICH is UNREALISTIC POSSIBLITY WITH NO CURRENT PHONE directorys IN THE law Library. PENAL Code # 2601 California Code OF Regulations Title 15, Article 4, And Sections 3165 And 3174(A) AMERICAN CORRECTIONAL ASSOCIATION STANDARDS 2-4369, 2-4370, 2-4371, 2-4372, 2-4373, 2-4374, 2-4375, 2316 Are violated

b. Supporting cases, rules, or other authority:

Bounds v. Smith, 430 U.S. 828 (1977)
John L. v Adams, 969 F.2d 228, 235-237 (6th Cir 1992)
Lewis v. Casey, 116 S. Ct. 2174, 2179 (1996)
Davis v. Milwaukee Co, 225 F.Supp 2d 967 (ED Wis 2002)
Ingalls v. Florio, 968 F. Supp 193, 203 (D.U.S. 1997)
Goff v. Nix, 113 F.3d 887, 891 (8th Cir 1997)
Walters v. Edgar, 163 F.3d 430, 434 (7th Cir 1998)
Hoard v. Reddy 175 F.3d 531, 533 (7th Cir 1999)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:  SEP 2 2 2007

In re:   King, K-68407
Richard J. Donovan Correctional Facility
  at Rock Mountain
P.O. Box 799006
San Diego, CA  92179-9005

IAB Case No.: 0617271        Local Log No.: RJD  07-00277

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner Rick Manuel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT: It is the appellant's position that his request to access a phone book or the Yellow Pages was inappropriately denied. The appellant explains that he is in need of an attorney; however, his current housing restricts him from physical access to the law library. He relates that when an inmate is not allowed physical access to the law library, his legal needs are met via the institutional paging system. He relates that he requested access to a phone book or the Yellow Pages, so he could seek out a new attorney; however, his request was unfairly denied. The appellant requests on appeal that he be allowed access to a phone book or the Yellow Pages.

II   SECOND LEVEL'S DECISION: The reviewer found that the appellant's concerns have been properly addressed. Developed information revealed that the appellant's housing status does not disallow him to attend law library sessions. However, in that he has no pending litigation or court ordered deadline dates, he must obtain access to the law library by submitting the appropriate request form. The appellant is reminded that his housing unit has specific days and times each week to visit the law library. The appellant is encouraged to submit a request, so that he can attend the law library as soon as his name reaches the top of the waiting list for his housing unit. As for the appellant's request to access a phone book or Yellow Pages, the appellant is advised that phone books are not maintained in either the recreation library or law library. The reviewer reports that there are some old Yellow Pages in the law library; however, they are about ten years old. White Pages are not permitted in either library. Based upon the aforementioned information, the reviewer considers the appellant's request granted in part at the Second Level of Review (SLR).

III  DIRECTOR'S LEVEL DECISION: Appeal is denied.

A. FINDINGS: The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification in the SLR. There is no evidence that supports the appellant's contention that he has inappropriately been denied access to a phone book or a copy of the Yellow Pages. The reviewer has verified that the appellant's housing status does not restrict him from attending the law library. The appellant has been advised of the procedure to receive a law library ducat. Furthermore, he has been advised that his housing unit is assigned specific days and times they can attend the law library. When the appellant accesses the law library he will find that ten-year old Yellow Pages are available; however, phone books are not maintained in any of the institutional libraries. Despite the appellant's dissatisfaction with the SLR decision, he has failed to offer any new or compelling evidence that substantiates his claim. Further review at the Director's Level of Review is not warranted.

B.  BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3001, 3120, 3122, 3160, 3270

C. ORDER: No changes or modifications are required by the institution.

To CA Cllios, Appeals

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM** Office
**FORMA PARA APELACIÓN DE**
**REOS/LIBERTADOS CON CONDICIONES**
CDC 602-B (3/93)

LOCATION: FACILITY / PAROLE REGION
1. LAC-C
2.

LOG NO.
1.
2.

DEPARTMENT OF CORRECTIONS
CATEGORY
10

Page 1

Usted puede apelar cualquier póliza, acción o decisión cual tenga significativo adverso afecto para usted. Con la excepción de CDC 115es Serios, acciones del comité de clasificaciones, y decisiones de clasificación u oficiales representants, primero tiene que informalmente buscar ayuda por medio de discusiones con el oficial apropriado, quien firmara su forma e indicara que accion fue tomado. Si entonces no está satisfecho, puede enviar su apelación junto con todo documento soportivo y no más de una página adicional con comentarios al Coordinador de Apelaciones dentro de quince días de la acción tomada. Ninguna represalia se tomará por responsablemente usar el procedimiento de apelaciones.

NOMBRE, (NAME): JESSE Stephen KieR  
NÚMERO (NUMBER): K68407  
ASIGNACION (ASSIGNMENT):  
UNIDA Y NO DE CUARTO (UNIT/ROOM NUMBER): C13-142

**A. DESCRIBA EL PROBLEMA (*DESCRIBE PROBLEM*)** R.R. MYORT GranTed -DC-c-do-02512 GranTed Ms. P. BoerscH G. Douglas And M. MAGEE Will NOT PROGING services ON FACILITY -C- Telephace DirecTories (yellow PAGES ARE NOT Accessible) INmATos Access To CourTs sHall NOT BE obsTructe PenAl Code# 5058, 5054, And 2601 Are violATed CCIRIEH 3122

Si necesita más espácio, adjunte una oja adicional. (If you need more space, attach one additional sheet.)

**B. ACCIÓN SOLICITADA (*ACTION REQUESTED*)** Court Directory delivered Per CCIS# 3164(d)?

FIRMA DEL REO / LIBERTADO CON CONDICIONES (INMATE/PAROLEE'S SIGNATURE) Jesse Stephen KieR  
FECHA SOMETIDA (DATE SUBMITTED) 11/16/2006

**C. NIVEL INFORMAL (INFORMAL LEVEL)**    Fecha Recibida (Date Received) _____

RESPUESTA DEL EMPLEADO (*STAFF RESPONSE*) _____

INMATE APPEAL BRANCH NOV 30 2006 RECEIVED

FIRMA DEL EMPLEADO (STAFF SIGNATURE)  
FECHA DEVUELTA AL REO (DATE RETURNED TO INMATE)

**D. NIVEL FORMAL (FORMAL LEVEL)**
Si no esta satisfecho, explíque debajo, adjunte documentos soportivos (CDC 115 completo, Reporte del Investigador, Informe de Clasificación, CDC 128, etc.) y sométalos al Coordinador de Apelaciones de la Facilidad/Región de Libertad Condicional para procesar dentro de 15 días de recibir la respuesta. (If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the facility/parole region appeals coordinator for processing within 15 days of receipt of response.)

FIRMA DEL REO / LIBERTADO CON CONDICIONES (INMATE / PAROLEE'S SIGNATURE)  
FECHA SOMETIDA (DATE SUBMITTED)

NOTA: APELACIONES DE PROPIEDAD/FONDOS TIENEN QUE SER ENVIADAS JUNTO CON UNA FORMA COMPLETA DEL BOARD OF CONTROL BC-1B, EQUITY CLAIM.

CDC APPEAL NUMBER:
SO-Attachment

Appeals

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

RECEIVED
1/29/07
RICHARD J. DONOVAN CORR. FAC.

Location Institution/Parole Region
1. RJD

Log No.
1. M-277

Category
TO LOCAL LIN

2. _____

You may appeal any policy, action or decision which has a significant adverse effect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

F 3 -15-??

| NAME Jesse Stephen King | NUMBER K68407 | ASSIGNMENT | UNIT/ROOM NUMBER |

A. Describe Problem: Law Library CCR15# 3170 # 3164 (2) IF AN INMATE's Housing Restricts Him or Her From Going to The inMate law library, ARRANGOments will be MADE to deliver Requested AND AVaible Law Library MATERials to The inMATE's QuARTERS.
CCR15# 3160 - (A) InMATE ACCESS to The CouRts S SHALL NOT be ObsTRucted.
Penal Code # 5058 # 5054 # 2601 Are being VIolATed WITHout A LAw Library to ACCESS.

If you need more space, attach one additional sheet.

B. Action Requested: PHone book? Yellowpages.com?

Inmate/Parolee Signature: J. Stephen King          Date Submitted: 1-23-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

Staff Signature: _____          Date Returned to Inmate: _____

RECEIVED JUN 2 2007 INMATE APPEALS BRANCH

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____          Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

GIN

RJD-M-277

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*November 22, 2006*

*KING, K68407*
*FCB500000000142L*

Log Number: LAC-C-06-02512
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*MAIL THIS DIRECTLY TO THIRD LEVEL*

CCIR 15# 3160- Inmate Access to Courts (A)
Inmate Access to Courts SHAll Nor be Obstructed
STAFF will Nor Help with
HAbeas Corpus Penal Code 5058, 5054, 2601
were Diolaied by R. K. WAG without
Court Access From 10/19 to 11-27 today
without A Law Library!

Appeals Coordinator
CSP - Los Angeles County

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

## CALIFORNIA STATE PRISON-LOS ANGELES COUNTY

### Second Level Response

CS/142 L

| | |
|---|---|
| **Appellant's Name & CDC No.:** | King, K-68407 |
| **Appeal Log No.:** | LAC-C-06-02512 |
| **Appeal Issue:** | Legal |
| **Appeal Disposition:** | Granted |

### APPEAL ISSUE:

In your appeal you state that the law library is in violation of California Code of Regulations (CCR), Title 15, Section 3160(a), and Penal Codes, by having outdated phone directories at California State Prison-Los Angeles County. You state you are dissatisfied with your First Level response, because Section 3164, Administrative Segregation (Ad-Seg) (d), states, "If an inmate's housing restricts him from going to the inmate law library, arrangements will be made to deliver requested materials to inmate's quarters." You state you are on C-status, and need access from Ms. P. Boetsch, Library Technical Assistant.

### APPEAL REQUEST:

You request access to the library while on C-status.

### APPEAL RESPONSE:

On September 29, 2006, Ms. M. Magee, Principal (A) interviewed you, in person, to provide you with the opportunity to fully explain your appeal and for you to provide any supporting information or documents. You did not provide any additional information or documents.

A review of your appeal was conducted, which included your interview, a review of this appeal with attachments, and all applicable departmental policies and procedures.

The results of the review revealed that you are not in Ad-Seg, you currently reside in Facility-C, Cell 125, and you do not have Priority Library User status. It is further noted, that you are currently on C-status with Loss of Privileges for receiving two (2) CDC 115's, Rules Violation Reports, within a 60-day period, and will not receive any privileges for another two (2) weeks. Per CCR, Title 15, Section 3164(d), "If an inmate's housing restricts him from going to the inmate law library, arrangements will be made to deliver requested and available law library materials to the inmate's quarters." Paging services are available on Facility-C when requested.

### APPEAL DECISION:

Based on the above, this appeal is granted, in that you may use paging services while you are on C-status.

R. K. WONG
Warden (A)

DATE 10/19/06

FIRST LEVEL REVIEW

DATE:                FEBRUARY 20, 2007

NAME:                KING

CDC NO:              K68407

APPEAL NO:           RJD-3-07-00277                    FIRST LEVEL REVIEW

APPEAL ISSUE:        PARTIALLY GRANTED

You are upset because you say that you need the yellow pages of a phone book for a new attorney.

APPEAL RESPONSE: In reaching a decision on this issue, a thorough review of your appeal was conducted. Mr. John Mahan, Academic Teacher, interviewed you on February 9, 2007. The Otay Mesa Adult School at the Richard J. Donovan Correctional Facility has opened the satellite library on Facility III. The Law Library generally has some yellow pages, but they are about 10 years old. White pages are not allowed in the prison. Other phone books are discouraged from being brought into the Institution.

The Licensed Technical Assistant (LTA) Ms. Sterling, has been going to the buildings on Facility III to take requests for copies to be made and case laws needed by inmates. You are charged for the case laws on an Inmate Trust Withdrawal. Your account is credited when you return the case law to the library staff. Your building has specific days and times each week to visit the library. Find out when those times are so that you can visit the library. At this time, we do not have any immediate date for opening the library on Facility III.

Therefore, based upon the aforementioned information, the First Level of Review is **PARTIALLY GRANTED.**


_C. Van Cleave_ _____
C. VAN CLEAVE
Academic Vice-Principal
R. J. Donovan C. F.

3/5/07
Date


_E. Contreras_ _____
E. CONTRERAS
Associate Warden, Facilities I, III
  And Education

3/7/07
Date

## CALIFORNIA STATE PRISON-LOS ANGELES COUNTY

RE:          APPEAL LOG # LAC-C-06-02512
                First Level Appeal Response

**NAME:**          KING
**CDC#**           K-68407
**APPEAL DECISION:**  PARTIALLY GRANTED
**APPEAL ISSUE:**     LEGAL

In your appeal you stated that the law library is in violation of the California Code of Regulations (CCR) Title 15, Section 3160(a), which states in part that inmate access to courts shall not be obstructed. *Inmate Access to Courts.* You further stated that Penal Code, Sections 2601, 5054, and 5058 are being violated with outdated Phone Directories at California State Prison-Los Angeles County.

You requested new Phone Directories for 2006.

**APPEAL RESPONSE:**

On August 21, 2006, G. Douglas, Academic Vice-Principal (A), interviewed you in person, providing you the opportunity to fully explain your appeal, and/or for you to provide any additional information or documentation. You did not provide any additional information.

A review of your appeal was conducted which included your interview and this appeal. Results of the review revealed that as indicated in your Informal Level Response, telephone directories/yellow pages are not mandated to be provided and/or kept current. Furthermore and also noted in your Informal Level Response, Court Directories are current and accessible within the law library; therefore providing you a means of access to the courts.

Regarding your claim that you are unable to gain access to the library when the outside temperature reaches 90 degrees, there is a procedure in place. During yard time, the building floor officer may notify the facility librarian to determine if there is space available. Subsequently, if space permits, custody staff may then release you to walk to the library, regardless of the outside temperature.

Therefore, based on the aforementioned information, your appeal is partially granted at the First Level of Review, in that if space permits, you may gain access to the library, regardless of the outside temperature.

G. DOUGLAS
Academic Vice-Principal (A)
CSP-Los Angeles County

M. MAGEE
Principal (A)
CSP-Los Angeles County

To CH Cllius, Appeals

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM** Office
**FORMA PARA APELACIÓN DE**
**REOS/LIBERTADOS CON CONDICIONES**
CDC 602-B (3/93)

LOCATION: FACILITY / PAROLE REGION
1. LAC-C
2.

LOG NO.
1.
2.

DEPARTMENT OF CORRECTIONS
CATEGORY
10

Page 1

Usted puede apelar cualquier póliza, acción o decisión cual tenga significativo adverso afecto para usted. Con la excepción de CDC 115es Serios, acciones del comité de clasificaciones, y decisiones de clasificación u oficiales representantes, primero tiene que informalmente buscar ayuda por medio de discusiones con el oficial apropiado, quien firmara su forma e indicara que accion fue tomado. Si entonces no está satisfecho, puede enviar su apelación junto con todo documento soportivo y no más de una página adicional con comentarios al Coordinador de Apelaciones dentro de quince días de la acción tomada. Ninguna represalia se tomará por responsablemente usar el procedimiento de apelaciones.

| NOMBRE, (NAME) DESSE Stephen King | NUMERO (NUMBER) K68407 | ASIGNACION (ASSIGNMENT) | UNIDA Y NO DE CUARTO (UNIT/ROOM NUMBER) C13-142 |
|---|---|---|---|

**A. DESCRIBA EL PROBLEMA (DESCRIBE PROBLEM)** R.R. MYOLT Granted -DC-C-06-02512 Granted Ms. P. Boersch G. Douglas And M. MAGEE Will not Reging services on facility -C- Telephone Directories Yellow Pages Are not Accessible Inmatos Access to Caorts shall not be obstructed Penal Code # 5058, 5054, And 2601 Are violated CCIR15# 3122

Si necesita más espácio, adjunte una oja adicional. (If you need more space, attach one additional sheet.)

**B. ACCIÓN SOLICITADA (ACTION REQUESTED)** Caort Directory delivered Per CC15# 3164(d)?

FIRMA DEL REO / LIBERTADO CON CONDICIONES (INMATE/PAROLEE'S SIGNATURE) Jesse Stephen King

FECHA SOMETIDA (DATE SUBMITTED) 11/10/2006

**C. NIVEL INFORMAL (INFORMAL LEVEL)**     Fecha Recibida (Date Received) _____
RESPUESTA DEL EMPLEADO (STAFF RESPONSE) _____

INMATE APPEAL BRANCH NOV 30 2006 RECEIVED

FIRMA DEL EMPLEADO (STAFF SIGNATURE)

FECHA DEVUELTA AL REO (DATE RETURNED TO INMATE)

**D. NIVEL FORMAL (FORMAL LEVEL)**
Si no esta satisfecho, explíque debajo, adjunte documentos soportivos (CDC 115 completo, Reporte del Investigador, Informe de Clasificación, CDC 128, etc.) y sométalos al Coordinador de Apelaciones de la Facilidad/Región de Libertad Condicional para procesar dentro de 15 días de recibir la respuesta. (If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the facility/parole region appeals coordinator for processing within 15 days of receipt of response.)

FIRMA DEL REO / LIBERTADO CON CONDICIONES (INMATE / PAROLEE'S SIGNATURE)

FECHA SOMETIDA (DATE SUBMITTED)

CDC APPEAL NUMBER:

NOTA: APELACIONES DE PROPIEDAD/FONDOS TIENEN QUE SER ENVIADAS JUNTO CON UNA FORMA COMPLETA DEL BOARD OF CONTROL BC-1B, EQUITY CLAIM.

CALIFORNIA STATE PRISON-LOS ANGELES COUNTY

**Second Level Response**

05/142 L

| | |
|---|---|
| **Appellant's Name & CDC No.:** | **King, K-68407** |
| **Appeal Log No.:** | **LAC-C-06-02512** |
| **Appeal Issue:** | **Legal** |
| **Appeal Disposition:** | **Granted** |

## APPEAL ISSUE:

In your appeal you state that the law library is in violation of California Code of Regulations (CCR), Title 15, Section 3160(a), and Penal Codes, by having outdated phone directories at California State Prison-Los Angeles County. You state you are dissatisfied with your First Level response, because Section 3164, Administrative Segregation (Ad-Seg) (d), states, "If an inmate's housing restricts him from going to the inmate law library, arrangements will be made to deliver requested materials to inmate's quarters." You state you are on C-status, and need access from Ms. P. Boetsch, Library Technical Assistant.

## APPEAL REQUEST:

You request access to the library while on C-status.

## APPEAL RESPONSE:

On September 29, 2006, Ms. M. Magee, Principal (A) interviewed you, in person, to provide you with the opportunity to fully explain your appeal and for you to provide any supporting information or documents. You did not provide any additional information or documents.

A review of your appeal was conducted, which included your interview, a review of this appeal with attachments, and all applicable departmental policies and procedures.

The results of the review revealed that you are not in Ad-Seg, you currently reside in Facility-C, Cell 125, and you do not have Priority Library User status. It is further noted, that you are currently on C-status with Loss of Privileges for receiving two (2) CDC 115's, Rules Violation Reports, within a 60-day period, and will not receive any privileges for another two (2) weeks. Per CCR, Title 15, Section 3164(d), "If an inmate's housing restricts him from going to the inmate law library, arrangements will be made to deliver requested and available law library materials to the inmate's quarters." Paging services are available on Facility-C when requested.

## APPEAL DECISION:

Based on the above, this appeal is granted, in that you may use paging services while you are on C-status.

R. K. WONG
Warden (A)

DATE

## CALIFORNIA STATE PRISON-LOS ANGELES COUNTY

**RE:**               APPEAL LOG # LAC-C-06-02512
First Level Appeal Response

**NAME:**            KING
**CDC#**              K-68407
**APPEAL DECISION:**   PARTIALLY GRANTED
**APPEAL ISSUE:**       LEGAL

In your appeal you stated that the law library is in violation of the California Code of Regulations (CCR) Title 15, Section 3160(a), which states in part that inmate access to courts shall not be obstructed. *Inmate Access to Courts.* You further stated that Penal Code, Sections 2601, 5054, and 5058 are being violated with outdated Phone Directories at California State Prison-Los Angeles County.

You requested new Phone Directories for 2006.

### APPEAL RESPONSE:

On August 21, 2006, G. Douglas, Academic Vice-Principal (A), interviewed you in person, providing you the opportunity to fully explain your appeal, and/or for you to provide any additional information or documentation. You did not provide any additional information.

A review of your appeal was conducted which included your interview and this appeal. Results of the review revealed that as indicated in your Informal Level Response, telephone directories/yellow pages are not mandated to be provided and/or kept current. Furthermore and also noted in your Informal Level Response, Court Directories are current and accessible within the law library; therefore providing you a means of access to the courts.

Regarding your claim that you are unable to gain access to the library when the outside temperature reaches 90 degrees, there is a procedure in place. During yard time, the building floor officer may notify the facility librarian to determine if there is space available. Subsequently, if space permits, custody staff may then release you to walk to the library, regardless of the outside temperature.

Therefore, based on the aforementioned information, your appeal is partially granted at the First Level of Review, in that if space permits, you may gain access to the library, regardless of the outside temperature.

G. DOUGLAS
Academic Vice-Principal (A)
CSP-Los Angeles County

M. MAGEE
Principal (A)
CSP-Los Angeles County

C5-2114

P.P.P

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

CSP-CORGORAN    05-03494    03

(IAC)    X

You may appeal any policy, action or decision which has a significant adverse effect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

K-64407    GB-125

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Jesse Stephen King | K64407 | 810 | 3B04-122L |

A. Describe Problem: CP15 # 3160 Inmate Access to the Courts (A) Shall Not Be Obstructed CCR15 #3141 (5) Witheld / Disallowed Mail, oP #203, And Mail D0# 54100. 80 + 54100.29.2 were Violated on 7/21/2005 by 96 BRA0 Silva on CCR 15 (5) PAGES COS TRAINING PERSONAl InFORMATION fOR THE INMATES WHEN MAILROOM STAff ADDRESS NEEDED TO GET COUP EXCUlPATORY EVIDENCE + to GOT OUT OF PRISON THIS Violated U.S. And STATE Constitutional Rights.

If you need more space, attach one additional sheet.

B. Action Requested: ISSUE 5 PAGES OF ADDRESSes / PERSONAl INFORMATION?

Inmate/Parolee Signature: Jesse Stephen King    Date Submitted: 7/28/2005

C. INFORMAL LEVEL (Date Received): 11-3-05    mm.

Staff Response:

BYPASS

RECEIVED FEB 9 2006 INMATE APPEALS BRANCH

Staff Signature:    Date Returned to Inmate:

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature:    Date Submitted:
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim.

EXHIBIT

P.Y.B.

First Level  ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other: 9/26/05

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 9/26/05     Due Date: 11/8/05

Interviewed by: B.Silva, See Attached

R.J.D. CORCORAN APPEALS OFFICE 05 SEP 21 PM 3:09

Staff Signature: _____   Title: OSS I     Date Completed: 10-12-05

Division Head Approved: Cardemal 10-12-05
Signature: _____   Title: AW-CS     Returned Date to Inmate: 10/19/05

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Operation Manual #54010.14.1, 54010.7 54010.18, 54010.26, 54010.2 54010.1, 54010.2, 54010.3, 54010.4, 54010.15, And Penal Code 2601 Brain Silva violated when not issued mail spying to Ask Litigation Officer at Lancaster. The mail is Family And should be issued ASAP!

Signature: Jesse Stephen King     Date Submitted: 11/3/2005

Second Level  ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____   Due Date: _____
☐ See Attached Letter

Signature: _____     Date Completed: _____

Warden/Superintendent Signature: _____     Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

"Interfering with the Freedom of Speech" c/o Williams at Lancaster will not issue in Violation of Both US. And State Constitutional Law Penal Code #2601 And CCR15 # 3193 Liability - Compensation CCR15# 3130 # 3131, #3133 #3135 (b) Correctional Staff shall not challenge or confront the Sender or Respond with Such value Judgement. #3136 # 3147 (A)(5)(B) Captain Mike Jensen I'm trying to help. And need my list.

Signature: Jesse Stephen King     Date Submitted: 1/31/2006

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☐ Denied   ☒ Other
☐ See Attached Letter     Date: _____



CDC 602 (12/87)

ARTICLE 1. (Civil Rights)

1. Penal Code 2601 - Retention of Rights - Notwithstanding any other provision of Law, each person described in Section 2600 shall have the following Civil Rights:

(1) To purchase, receive, read, and permit other inmates to read any and all legal materials, newspapers, periodicals, and books accepted for distribution by the United States Post Office, except those which describe the making of any weapon, explosive, poison, or destructive device, or which in the judgement of the Director of Corrections, in the director's sole discretion, depicts, portrays, or describes a sexual assault upon a correctional employee.

2. Jackson v. Ward, 458 F.Supp.546 "Protect against arbitrary and capricious censorship decisions grounded upon impermissible or erroneous consideration."

3. The degree of civilization in a society is revealed by entering it's prisons. Destreuasy

4. Taylor v. Perini, DC. Ohio 1976, 413 F.Supp.189 "No apparent rationale existed for policy of prison to ban nude photographs."

5. CCRIS #3135 - Disturbing or offensive (correspondence to) disagreements with the sender's or receiver's apparent moral values, attitudes, verbosity, or choice of words will not be used, etc.

6. CCRIS # 3136 - Disapproval of inmate mail (- (a) Staff shall not permit any inmate to send or receive mail which, in their judgement, has any of the characteristics listed in Section 3006(c)

7. CCRIS # 3380 - Chief Executive Officer (a) a warden or superintendent of an institution of the department

(3)



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

Court of Appeal - Sixth App. Dist.
**FILED**

MAY 2 9 2008

MICHAEL J. YERLY, Clerk

In re JESSE STEPHEN KING,

on Habeas Corpus.

H032951        By_____
(Monterey County)            DEPUTY

BY THE COURT:

The petition for writ of habeas corpus is denied without prejudice to the refiling of the petition in the Monterey County Superior Court.

(Bamattre-Manoukian, Acting P.J., and Mihara, J., participated in this decision.)

Dated    MAY 2 9 2008        BAMATTRE-MANOUKIAN, J.
_____    _____ Acting P.J.

FILED

1    SUPERIOR COURT OF CALIFORNIA

2    COUNTY OF MONTEREY

APR 2 3 2008

3    CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
                                    DEPUTY
                            MARY CASTRO

4    In re                              )    Case No.: HC 6097
                                        )
5    Jessie Stephen King                )    ORDER
                                        )
6                On Habeas Corpus.      )
                                        )
7

8

9        On Feb. 25, 2008, Petitioner, Jessie Stephen King, filed a petition for writ of habeas

10   corpus.

11       On March 13, 2008, Petitioner filed an Ex Parte Motion for Appointment of Counsel.

12       Petitioner is currently incarcerated at Salinas Valley State Prison.

13       Petitioner appears to complain about prison mail censorship, the right of access to the

14   courts, the lack of a phone book and getting a disciplinary violation "for writing attorneys and

15   gumshoes." (Petition at 4) Petitioner contends that without access to a Yellow Pages Directory,

16   he is unable to hire a private investigator to gather exonerating evidence. (*Id.* at 5). Petitioner

17   also contends that his attorney's reports containing his family's phone numbers are being stolen

18   by prison guards. (*Id.* at 6)

19       As to Petitioner's claim is that he needs access to the law library at SVSP, Petitioner must

20   exhaust administrative remedies with SVSP so that institution has an opportunity to resolve the

21   matter. *In re Dexter* (1979) 25 Cal.3d 921, 925. The only documents attached to the petition are

22   various administrative appeals decisions related to law library access and the lack of phone books

23   in the prison law libraries at Richard J. Donovan Correctional Facility in San Diego and

24   California State Prison in Los Angeles County. Presumably, each institution has different

25   procedures for law library access, depending on a prisoner's custody status.

1

1

2     As to Petitioner's claim that he needs access to a phone directory, the court denies the

3     claim. Included with the petition is a Sept. 22, 2007, Director's Level Appeal Decision (Log No.

4     RJD 07-00277), stating "phone books are not maintained in any of the institutional libraries."

5     To the extent Petitioner is challenging the disposition of a rules violation report, the court

6     denies the claim without prejudice as there is insufficient information in the file to address the

7     claim. The petitioner bears a heavy burden initially to plead sufficient grounds fore relief.

8     *People v. Duvall* (1995) 9 Cal. 4th 464, 474. The petition should state fully and with particularity

9     the facts on which relief is sought, and include copies of reasonably available documentary

10    evidence supporting the claim. *Id.* Attached to the petition is a Director's Level Appeal

11    Decision of Jan. 29, 2008, that appears related to Petitioner's challenge to a disciplinary violation

12    from SVSP, for Disobeying a Direct Order, apparently for not ceasing a practice of sending

13    unwelcome and unsolicited correspondence. There are no documents reflecting the rules

14    violation hearing, Petitioner's appeal or the lower level decisions.

15    The court also denies without prejudice Petitioner's claim for prison mail censorship

16    because there are insufficient allegations and no supporting documentation or information in the

17    file to address that claim.

18    The petition is denied for the reasons stated above.

19    IT IS SO ORDERED.

20

21    Dated: 4-23-08

22

23    Hon. Timothy S. Buckley
      Judge of the Superior Court

24

25

2

1

**CERTIFICATE OF MAILING**

2

**C.C.P. SEC. 1013a**

3

I do hereby certify that I am not a party to the within stated cause and that on

4

**APR 2 8 2008** I deposited true and correct copies of the following document:

5

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

6

California, directed to each of the following named persons at their respective addresses as

7

hereinafter set forth:

8

9

10

Jesse Stephen King, K-68407
Salinas Valley State Prison

11

P.O. Box 1050
Soledad, CA  93960

12

13

14

Dated: **APR 2 8 2008**

Connie Mazzei,

15

Clerk of the Court

16

By: Mary Castro

17

Deputy

18

19

20

21

22

23

24

25

3

6/26/08

Dear ~~Corrupt~~ Klein,
~~Exploitative~~ ~~Friendly~~ Friedman

How much to Get evidence That prove a wrongful conviction obtained Through prosecutor "corruption." ?

Christine Friedman Has pictures Bill Rothschild to Rk The McGuire # I was Framed with Homicide! I be Spent 12 Years years innocent! Can You please Help?

Respectfully,

JESSE Stephen King
& K68407
& OC- Log AL-SEG
P.O. Box 1050
Soledad, California
& 93960 - 1050

P.S
Are You FAmilly with Julio Maria Rothschild?

State of California

D[    .tment of Corrections and Rehabilitation

# Memorandum

**Date:**    May 17, 2007

**To:**    **NAME:**    **KING**

**CDC #:**    **K-68407**

**Richard J. Donovan Correctional Facility at Rock Mountain**

**Subject:    SECOND LEVEL APPEAL RESPONSE    LOG NO.:    RJD-3-07-00277**

### APPEAL ISSUE:

You are appealing the issue that you need to review a phone book for a new attorney. Since a phone book is not readily available, your constitutional rights are being violated.

### APPEAL RESPONSE:

A review of the Richard J. Donovan Correctional Facility "Effective Communication List of Inmates with a Test of Adult Basic Education Reading Score of 4.0 or Less" reveals that the inmate does not require assistance in order to ensure effective communication.

Mr. King, the Facility 3 Library/Law Library is currently open and available for the inmate population. Your housing unit has specific days and times each week to visit the Library. Find out the times the Library is open to your housing unit so that you may visit and obtain your information. The Operations Manual sections that you quote are not applicable or don't exist in regard to phone books in the Library. Phone books are not easily accessible; however, not having access to one does not violate your constitutional rights. You need to work with the Library staff and go to the Library when housing unit 13 is scheduled.

### APPEAL DECISION:

**Denied.**

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

Chief Deputy Warden (A)
California Department of Corrections and Rehabilitation
Richard J. Donovan Correctional Facility at Rock Mountain

1-12-2006

For Ms. M. MAGEE

Principal

INMATE REQUEST

FOR INTERVIEW.

FROM: JESSE STEPHEN KING # K68407 ————————7 C5-142

TO:

QUESTION - CAN I GET A PHONE BOOK?

ANSWER - You can use what is available in the
Facility library.

1. <u>Penal Code 2601</u> - Retention of Rights - Notwithstanding any other provision of law, each person described in Section 2000 shall have the following civil rights:

   (1) To purchase, receive, read, and permit other inmates to read any and all legal materials, newspapers, periodicals, and books accepted for distribution by the United States Post Office, except those which describe the making of any weapon, explosive, poison, or destructive device, or which in the judgement of the Director of Corrections, in the Director's sole discretion, depicts, portrays, or describes a sexual assault upon a correctional employee.

2. <u>Jackson v. Ward</u>, 458 F. Supp. 546 "Protect against arbitrary and capricious censorship decisions grounded upon impermissible or erroneous considerations."

3. The degree of civilization in a society is revealed by examining its prisons. Dostoyevsky

4. <u>Taylor v. Perini, DC. Ohio 1976</u>, 413 F. Supp. 189 "No apparent rationale existed for policy of prison to bare nude photographs"

5. <u>CCR15 #3135</u> - Disturbing or offensive (correspondence 'b') Disagreements with the sender's or receiver's apparent moral values, attitudes, verbacity, or choice of words will not be cased, etc.

6. <u>CCR15 # 3136</u> - Disapproval of inmate Mail (A) Staff shall not permit an inmate to send or receive mail which, in their judgement, has any of the characteristics listed in Section 3006(c)

7. <u>CCR15 # 3320</u> - Chief Executive Officer (A) A warden or superintendent of an institution of the department

(3)

First Level     ☐ Granted    ☑ P. Grant.    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ___7/31___    Due Date: ___9/6___

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _Douglas_    Title: _Academic Vice Principal (A)_ 8-21-06

Division Head Approved:    Returned

Signature: _M P_    Title: _Principal_    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

# 3164 Administrative Segregation (d) If An inmate's Housing Restricts Him From Going to The inmate law library, Arrangements will be made to deliver Requested Materials to inmate's quarters. C Status I need Access From P. Boetsh

Signature: _Joe King_    Date Submitted: _Sept-17, 200_

Second Level    ☒ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____

☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _01.9.6_

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.   "Paging Services Are Available on Facility C"

R.K. Wong, M. Magee, G. Douglas And P. Boetsch will not Access A Law Library or A directory. R.B. Elli And A. Cox Have Been Holding All Legal Materials in violation of CCR 15 # 3161 Inmate Owned Legal Materia CCR 15 # 3160 Inmate Access to Court - Not be Obstructed

Signature: _Jim Stephen King_    Date Submitted: _10/19/200_

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

STATE OF CALIFORNIA
CDC 1819 (Rev. 6/98)

DEPARTMENT OF CORRECTIONS

## NOTIFICATION OF DISAPPROVAL - MAIL/PACKAGES/PUBLICATIONS

INMATE'S NAME: J. King 3A04-127L

CDC NUMBER: K6Y407

## MAIL / PACKAGES SECTION (Complete for mail or package cases only)

[X] INCOMING MAIL/PACKAGE        [ ] OUTGOING MAIL/PACKAGE

LIST ITEM(S) WHICH MEET DISAPPROVAL CRITERIA
(5) images containing sexual information not allow item 7

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION

per CD205

| DISPOSITION | SENDER INFORMATION | | |
|---|---|---|---|
| [ ] HELD PENDING INVESTIGATION/APPEAL | FIRST NAME: Sharon | MI | LAST NAME: Pontorno |
| [ ] RETURNED TO SENDER ___ (At Inmate's Expense) (Date) | ADDRESS (NUMBER AND STREET): 33310 West Valley Rd. | | |
| [ ] DESTROYED | CITY: Northport | STATE: CA | ZIP CODE: 11074 CA |
| *(INMATE HAS FIFTEEN (15) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE) | | DATE SIGNED |

### AUTHORITY TO DISALLOW (Must be completed in all cases)

| PRINTED NAME OF WARDEN'S DESIGNEE | SIGNATURE OF WARDEN'S DESIGNEE | DATE SIGNED 7/25/05 | DATE FORWARDED TO INMATE 7/25/05 |
|---|---|---|---|

## PUBLICATIONS SECTION (Complete for publication cases only)

| TITLE OF PUBLICATION (Include issue/date) | PUBLISHER | PAGE(S) WHICH MEET DISAPPROVAL CRITERIA |
|---|---|---|

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION

| DISPOSITION | DESIGNEE INFORMATION | | |
|---|---|---|---|
| [✓] HELD PENDING INVESTIGATION/APPEAL | FIRST NAME | MI | LAST NAME |
| [ ] DESTROYED | ADDRESS (NUMBER AND STREET) | | |
| [ ] RETURNED TO OUTSIDE DESIGNEE [ ] AT INMATE'S EXPENSE ___ (Date) | CITY | STATE | ZIP CODE |
| **(INMATE HAS FIFTEEN (15) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE) | | DATE SIGNED |

## AUTHORITY TO DISALLOW (Must be completed in all cases)

| FACILITY CAPTAIN'S PRINTED NAME | FACILITY CAPTAIN'S SIGNATURE | DATE SIGNED | DATE FORWARDED TO INMATE |
|---|---|---|---|

DISTRIBUTION:
ORIGINAL - MAILROOM
CANARY - INMATE
PINK - SENDER / DESIGNEE

* ALL APPEALS REGARDING MAIL/PACKAGES SHALL BE REFERRED TO THE _WARDEN'S DESIGNATED STAFF_
** ALL APPEALS REGARDING PUBLICATIONS SHALL BE REFERRED TO THE _FACILITY CAPTAIN._

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:  SEP 2 2 2007

In re:    King, K-68407
Richard J. Donovan Correctional Facility
at Rock Mountain
P.O. Box 799006
San Diego, CA  92179-9005

IAB Case No.:  0617271         Local Log No.:  RJD  07-00277

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner Rick Manuel, Facility Captain.  All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT:  It is the appellant's position that his request to access a phone book or the Yellow Pages was inappropriately denied.  The appellant explains that he is in need of an attorney; however, his current housing restricts him from physical access to the law library.  He relates that when an inmate is not allowed physical access to the law library, his legal needs are met via the institutional paging system.  He relates that he requested access to a phone book or the Yellow Pages, so he could seek out a new attorney; however, his request was unfairly denied.  The appellant requests on appeal that he be allowed access to a phone book or the Yellow Pages.

II    SECOND LEVEL'S DECISION:  The reviewer found that the appellant's concerns have been properly addressed.  Developed information revealed that the appellant's housing status does not disallow him to attend law library sessions.  However, in that he has no pending litigation or court ordered deadline dates, he must obtain access to the law library by submitting the appropriate request form.  The appellant is reminded that his housing unit has specific days and times each week to visit the law library.  The appellant is encouraged to submit a request, so that he can attend the law library as soon as his name reaches the top of the waiting list for his housing unit.  As for the appellant's request to access a phone book or Yellow Pages, the appellant is advised that phone books are not maintained in either the recreation library or law library.  The reviewer reports that there are some old Yellow Pages in the law library; however, they are about ten years old.  White Pages are not permitted in either library.  Based upon the aforementioned information, the reviewer considers the appellant's request granted in part at the Second Level of Review (SLR).

III    DIRECTOR'S LEVEL DECISION:  Appeal is denied.

A.  FINDINGS:  The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification in the SLR.  There is no evidence that supports the appellant's contention that he has inappropriately been denied access to a phone book or a copy of the Yellow Pages.  The reviewer has verified that the appellant's housing status does not restrict him from attending the law library.  The appellant has been advised of the procedure to receive a law library ducat.  Furthermore, he has been advised that his housing unit is assigned specific days and times they can attend the law library.  When the appellant accesses the law library he will find that ten-year old Yellow Pages are available; however, phone books are not maintained in any of the institutional libraries.  Despite the appellant's dissatisfaction with the SLR decision, he has failed to offer any new or compelling evidence that substantiates his claim.  Further review at the Director's Level of Review is not warranted.

B.  BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3001, 3120, 3122, 3160, 3270

C.  ORDER:  No changes or modifications are required by the institution.

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
CDC 1819 (Rev. 6/98)
# NOTIFICATION OF DISAPPROVAL - MAIL/PACKAGES/PUBLICATIONS

| INMATE'S NAME | CDC NUMBER |
|---|---|
| J King   3A14-127L | K62407 |

## MAIL / PACKAGES SECTION   (Complete for mail or package cases only)

☑ INCOMING MAIL/PACKAGE          ☐ OUTGOING MAIL/PACKAGE

LIST ITEM(S) WHICH MEET DISAPPROVAL CRITERIA

(5) Images containing original information not the inmate

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION

per 0020G

| DISPOSITION | SENDER INFORMATION | | |
|---|---|---|---|
| ☐ HELD PENDING INVESTIGATION/APPEAL | FIRST NAME | MI | LAST NAME |
|  | Sharon | | Porteonio |
| ☐ RETURNED TO SENDER (At Inmate's Expense)    (Date) | ADDRESS (NUMBER AND STREET) | | |
|  | 33316 West Valley Rd. | | |
| ☐ DESTROYED | CITY          STATE           ZIP CODE | | |
| *(INMATE HAS FIFTEEN (15) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | Smithrost   CA   11074 G1 | | |
|  | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE)    DATE SIGNED | | |

## AUTHORITY TO DISALLOW  (Must be completed in all cases)

| PRINTED NAME OF WARDEN'S DESIGNEE | SIGNATURE OF WARDEN'S DESIGNEE | DATE SIGNED | DATE FORWARDED TO INMATE |
|---|---|---|---|
| E.V. | | 7/27/0 | 7/28/0 |

## PUBLICATIONS SECTION  (Complete for publication cases only)

| TITLE OF PUBLICATION (Include issue/date) | PUBLISHER | PAGE(S) WHICH MEET DISAPPROVAL CRITERIA |
|---|---|---|
|  |  |  |

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION

| DISPOSITION | DESIGNEE INFORMATION | | |
|---|---|---|---|
| ☐ HELD PENDING INVESTIGATION/APPEAL | FIRST NAME | MI | LAST NAME |
| ☐ DESTROYED | ADDRESS (NUMBER AND STREET) | | |
| ☐ RETURNED TO OUTSIDE DESIGNEE AT INMATE'S EXPENSE _____ (Date) | CITY          STATE           ZIP CODE | | |
| **(INMATE HAS FIFTEEN (15) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE)    DATE SIGNED | | |

## AUTHORITY TO DISALLOW   (Must be completed in all cases)

| FACILITY CAPTAIN'S PRINTED NAME | FACILITY CAPTAIN'S SIGNATURE | DATE SIGNED | DATE FORWARDED TO INMATE |
|---|---|---|---|
|  |  |  |  |

DISTRIBUTION:
ORIGINAL - MAILROOM          * ALL APPEALS REGARDING MAIL/PACKAGES SHALL BE REFERRED TO THE WARDEN'S DESIGNATED STAFF
CANARY - INMATE
PINK - SENDER / DESIGNEE          ** ALL APPEALS REGARDING PUBLICATIONS SHALL BE REFERRED TO THE FACILITY CAPTAIN.

## CALIFORNIA STATE PRISON-LOS ANGELES COUNTY

### Second Level Response

CS/ 142 L

| | |
|---|---|
| **Appellant's Name & CDC No.:** | **King, K-68407** |
| **Appeal Log No.:** | **LAC-C-06-02512** |
| **Appeal Issue:** | **Legal** |
| **Appeal Disposition:** | **Granted** |

### APPEAL ISSUE:

In your appeal you state that the law library is in violation of California Code of Regulations (CCR), Title 15, Section 3160(a), and Penal Codes, by having outdated phone directories at California State Prison-Los Angeles County. You state you are dissatisfied with your First Level response, because Section 3164, Administrative Segregation (Ad-Seg) (d), states, "If an inmate's housing restricts him from going to the inmate law library, arrangements will be made to deliver requested materials to inmate's quarters." You state you are on C-status, and need access from Ms. P. Boetsch, Library Technical Assistant.

### APPEAL REQUEST:

You request access to the library while on C-status.

### APPEAL RESPONSE:

On September 29, 2006, Ms. M. Magee, Principal (A) interviewed you, in person, to provide you with the opportunity to fully explain your appeal and for you to provide any supporting information or documents. You did not provide any additional information or documents.

A review of your appeal was conducted, which included your interview, a review of this appeal with attachments, and all applicable departmental policies and procedures.

The results of the review revealed that you are not in Ad-Seg, you currently reside in Facility-C, Cell 125, and you do not have Priority Library User status. It is further noted, that you are currently on C-status with Loss of Privileges for receiving two (2) CDC 115's, Rules Violation Reports, within a 60-day period, and will not receive any privileges for another two (2) weeks. Per CCR, Title 15, Section 3164(d), "If an inmate's housing restricts him from going to the inmate law library, arrangements will be made to deliver requested and available law library materials to the inmate's quarters." Paging services are available on Facility-C when requested.

### APPEAL DECISION:

Based on the above, this appeal is granted, in that you may use paging services while you are on C-status.

R. K. WONG                                    DATE

To. CH C//i=, Appeals
Office

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM**
**FORMA PARA APELACIÓN DE**
**REOS/LIBERTADOS CON CONDICIONES**
CDC 602-B (3/93)

LOCATION: FACILITY / PAROLE REGION
1. LHC · C
2.

LOC NO.
1.
2.

DEPARTMENT OF CORRECTIONS
CATEGORY
10

Page 1

Usted puede apelar cualquier póliza, acción o decisión cual tenga significativo adverso afecto para usted. Con la excepción de CDC 115es Serios, acciones del comité de clasificaciones, y decisiones de clasificación u oficiales representantes, primero tiene que informalmente buscar ayuda por medio de discuciones con el oficial apropiado, quien firmara su forma e indicara que accion fue tomado. Si entonces no está satisfecho, puede enviar su apelación junto con todo documento soportivo y no más de una página adicional con comentarios al Coordinador de Apelaciones dentro de quince días de la acción tomada. Ninguna represalia se tomará por responsablemente usar el procedimiento de apelaciones.

NOMBRE, (NAME) DESSE Stephen King
NUMERO (NUMBER) K68407
ASIGNACION (ASSIGNMENT)
UNIDA Y NO DE CUARTO (UNIT/ROOM NUMBER) C5-142

A. DESCRIBA EL PROBLEMA (DESCRIBE PROBLEM) R.H. Nolet Granted -Dc-c-06-02512 Granted Ms. P. Boetch G. Douglas And M. Magee Will Not Regive services on Facility -C- Telephone Directories (Yellow pages Are Not Accessible/ INMATES Access to Courts shall Not Be Obstructe Penal Code # 5058, 5054, And 2601 Are Violated CCIR15# 3122

Si necesita más espacio, adjunte una oja adicional. (If you need more space, attach one additional sheet.)

B. ACCIÓN SOLICITADA (ACTION REQUESTED) Court Directory delivered Per CC15# 3164(d)?

FIRMA DEL REO / LIBERTADO CON CONDICIONES (INMATE/PAROLEE'S SIGNATURE) Jesse Stephen King
FECHA SOMETIDA (DATE SUBMITTED) 11/16/2006

C. NIVEL INFORMAL (INFORMAL LEVEL)        Fecha Recibida (Date Received)
RESPUESTA DEL EMPLEADO (STAFF RESPONSE)

INMATE APPEAL BRANCH   NOV 30 2006   RECEIVED

FIRMA DEL EMPLEADO (STAFF SIGNATURE)
FECHA DEVUELTA AL REO (DATE RETURNED TO INMATE)

D. NIVEL FORMAL (FORMAL LEVEL)
Si no esta satisfecho, explique debajo, adjunte documentos soportivos (CDC 115 completo, Reporte del Investigador, Informe de Clasificación CDC 128, etc.) y sométalos al Coordinador de Apelaciones de la Facilidad/Región de Libertad Condicional para procesar dentro de 15 día de recibir la respuesta. (If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report Classification chrono, CDC 128, etc.) and submit to the facility/parole region appeals coordinator for processing within 15 days of receipt of response.)

FIRMA DEL REO / LIBERTADO CON CONDICIONES (INMATE / PAROLEE'S SIGNATURE)
FECHA SOMETIDA (DATE SUBMITTED)

NOTA: APELACIONES DE PROPIEDAD/FONDOS TIENEN QUE SER ENVIADAS JUNTO CON UNA FORMA COMPLETA

CDC APPEAL NUMBER:

## CALIFORNIA STATE PRISON-LOS ANGELES COUNTY

RE:                 APPEAL LOG # LAC-C-06-02512
                    First Level Appeal Response

NAME:               KING

CDC#                K-68407

APPEAL DECISION:    PARTIALLY GRANTED

APPEAL ISSUE:       LEGAL

In your appeal you stated that the law library is in violation of the California Code of Regulations (CCR) Title 15, Section 3160(a), which states in part that inmate access to courts shall not be obstructed. *Inmate Access to Courts*. You further stated that Penal Code, Sections 2601, 5054, and 5058 are being violated with outdated Phone Directories at California State Prison-Los Angeles County.

You requested new Phone Directories for 2006.

### APPEAL RESPONSE:

On August 21, 2006, G. Douglas, Academic Vice-Principal (A), interviewed you in person, providing you the opportunity to fully explain your appeal, and/or for you to provide any additional information or documentation. You did not provide any additional information.

A review of your appeal was conducted which included your interview and this appeal. Results of the review revealed that as indicated in your Informal Level Response, telephone directories/yellow pages are not mandated to be provided and/or kept current. Furthermore and also noted in your Informal Level Response, Court Directories are current and accessible within the law library; therefore providing you a means of access to the courts.

Regarding your claim that you are unable to gain access to the library when the outside temperature reaches 90 degrees, there is a procedure in place. During yard time, the building floor officer may notify the facility librarian to determine if there is space available. Subsequently, if space permits, custody staff may then release you to walk to the library, regardless of the outside temperature.

Therefore, based on the aforementioned information, your appeal is partially granted at the First Level of Review, in that if space permits, you may gain access to the library, regardless of the outside temperature.

G. DOUGLAS                              M. MAGEE
Academic Vice-Principal (A)             Principal (A)

# FIRST LEVEL REVIEW

DATE:                FEBRUARY 20, 2007

NAME:               KING

CDC NO:             K68407

APPEAL NO:          RJD-3-07-00277                     FIRST LEVEL REVIEW

APPEAL ISSUE:       PARTIALLY GRANTED

You are upset because you say that you need the yellow pages of a phone book for a new attorney.

APPEAL RESPONSE: In reaching a decision on this issue, a thorough review of your appeal was conducted. Mr. John Mahan, Academic Teacher, interviewed you on February 9, 2007. The Otay Mesa Adult School at the Richard J. Donovan Correctional Facility has opened the satellite library on Facility III. The Law Library generally has some yellow pages, but they are about 10 years old. White pages are not allowed in the prison. Other phone books are discouraged from being brought into the Institution.

The Licensed Technical Assistant (LTA) Ms. Sterling, has been going to the buildings on Facility III to take requests for copies to be made and case laws needed by inmates. You are charged for the case laws on an Inmate Trust Withdrawal. Your account is credited when you return the case law to the library staff. Your building has specific days and times each week to visit the library. Find out when those times are so that you can visit the library. At this time, we do not have any immediate date for opening the library on Facility III.

Therefore, based upon the aforementioned information, the First Level of Review is **PARTIALLY GRANTED.**


C. VAN CLEAVE                                          3/5/07
Academic Vice-Principal                                Date
R. J. Donovan C. F.


E. CONTRERAS                                           3/7/07
Associate Warden, Facilities I, III                    Date
  And Education

CALIFORNIA STATE PRISON-LOS ANGELES COUNTY

**Second Level Response**

$C5/142 L$

| | |
|---|---|
| **Appellant's Name & CDC No.:** | **King, K-68407** |
| **Appeal Log No.:** | **LAC-C-06-02512** |
| **Appeal Issue:** | **Legal** |
| **Appeal Disposition:** | **Granted** |

**APPEAL ISSUE:**

In your appeal you state that the law library is in violation of California Code of Regulations (CCR), Title 15, Section 3160(a), and Penal Codes, by having outdated phone directories at California State Prison-Los Angeles County. You state you are dissatisfied with your First Level response, because Section 3164, Administrative Segregation (Ad-Seg) (d), states, "If an inmate's housing restricts him from going to the inmate law library, arrangements will be made to deliver requested materials to inmate's quarters." You state you are on C-status, and need access from Ms. P. Boetsch, Library Technical Assistant.

**APPEAL REQUEST:**

You request access to the library while on C-status.

**APPEAL RESPONSE:**

On September 29, 2006, Ms. M. Magee, Principal (A) interviewed you, in person, to provide you with the opportunity to fully explain your appeal and for you to provide any supporting information or documents. You did not provide any additional information or documents.

A review of your appeal was conducted, which included your interview, a review of this appeal with attachments, and all applicable departmental policies and procedures.

The results of the review revealed that you are not in Ad-Seg, you currently reside in Facility-C, Cell 125, and you do not have Priority Library User status. It is further noted, that you are currently on C-status with Loss of Privileges for receiving two (2) CDC 115's, Rules Violation Reports, within a 60-day period, and will not receive any privileges for another two (2) weeks. Per CCR, Title 15, Section 3164(d), "If an inmate's housing restricts him from going to the inmate law library, arrangements will be made to deliver requested and available law library materials to the inmate's quarters." Paging services are available on Facility-C when requested.

**APPEAL DECISION:**

Based on the above, this appeal is granted, in that you may use paging services while you are on C-status.

R. K. WONG                                    DATE

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

November 22, 2006

KING, K68407
FCB500000000142L

Log Number: LAC-C-06-02512
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

MAIL THIS DIRECTLY TO THIRD LEVEL

CCIR 15# 3160 - Inmate Access to Courts (A)
Inmate Access to Courts Shall not be Obstructed

Appeals Coordinator        Staff will not Help with
CSP - Los Angeles County

Habeas Corpus Penal Code 5058, 5054, 2601
were Didaied by R. K. Wag without
Court Access From 10/19 to 11-27 today
without A Law Library!

NOTE: Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be
automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be
appealed. If you believe this screen out is in error, please return this form to the Appeals
Coordinator with an explanation of why you believe it to be in error, and supporting
documents. You have only 15 days to comply with the above directives.

PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

"To" CH Cllius, Appeals

**STATE OF CALIFORNIA**
**INMATE/PAROLEE APPEAL FORM** G Fice
**FORMA PARA APELACIÓN DE**
**REOS/LIBERTADOS CON CONDICIONES**
CDC 602-B (3/93)

LOCATION: FACILITY / PAROLE REGION
1. LAC . C
2.

LOG NO.
1.
2.

DEPARTMENT OF CORRECTIONS
CATEGORY
ID

Page 1

Usted puede apelar cualquier póliza, acción o decisión cual tenga significativo adverso afecto para usted. Con la excepción de CDC 115es Serios, acciones del comité de clasificaciones, y decisiones de clasificación u oficiales representantes, primero tiene que informalmente buscar ayuda por medio de discuciones con el oficial apropiado, quien firmara su forma e indicara que acción fue tomado. Si entonces no está satisfecho, puede enviar su apelación junto con todo documento soportivo y no más de una página adicional con comentarios al Coordinador de Apelaciones dentro de quince días de la acción tomada. Ninguna represalia se tomará por responsablemente usar el procedimiento de apelaciones.

NOMBRE, (NAME) JESSE Stephen Kiee  NUMERO (NUMBER) K68407  ASIGNACION (ASSIGNMENT)  UNIDA Y NO DE CUARTO (UNIT/ROOM NUMBER) CB-42

A. DESCRIBA EL PROBLEMA (DESCRIBE PROBLEM) R.R. MONT GrANTed FDC-C-06-02512 GrANTed M3. P. Boetsch G. Douglas, And M. MAGEE will not loging services on Facility -C- Telephone Directories (yellow pages Are not Accessible) INMATOS Access to Courts SHALL Not Be Obstructed Penal Code # 5058, 5054, And 2601 Are violated CCIR1E4 3122

Si necesita más espacio, adjunte una oja adicional. (If you need more space, attach one additional sheet.)

B. ACCIÓN SOLICITADA (ACTION REQUESTED) Court Directory delivered per CCR # 3164(d)?

FIRMA DEL REO / LIBERTADO CON CONDICIONES (INMATE/PAROLEE'S SIGNATURE) Jesse Stephen Kiee  FECHA SOMETIDA (DATE SUBMITTED) 11/10/2006

C. NIVEL INFORMAL (INFORMAL LEVEL)    Fecha Recibida (Date Received) _____
RESPUESTA DEL EMPLEADO (STAFF RESPONSE) _____

INMATE APPEALS BRANCH  NOV 30 2006  RECEIVED

FIRMA DEL EMPLEADO (STAFF SIGNATURE)  FECHA DEVUELTA AL REO (DATE RETURNED TO INMATE)

D. NIVEL FORMAL (FORMAL LEVEL)
Si no esta satisfecho, explíque debajo, adjunte documentos soportivos (CDC 115 completo, Reporte del Investigador, Informe de Clasificación CDC 128, etc.) y sométalos al Coordinador de Apelaciones de la Facilidad/Región de Libertad Condicional para procesar dentro de 15 días de recibir la respuesta. (If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the facility/parole region appeals coordinator for processing within 15 days of receipt of response.)

FIRMA DEL REO / LIBERTADO CON CONDICIONES (INMATE / PAROLEE'S SIGNATURE)  FECHA SOMETIDA (DATE SUBMITTED)

NOTA: APELACIONES DE PROPIEDAD/FONDOS TIENEN QUE SER ENVIADAS JUNTO CON UNA FORMA COMPLETA  CDC APPEAL NUMBER:

`Appeal`

RECEIVED
1/29/07
RICHARD J. DONOVAN CORR. FAC.

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location | Institution/Parole Region
. | RJD

Log No.
1. M-277

Category
70
local-lib

1.
2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

F-3-15-00

NAME: Jesse Stephen King
NUMBER: K68407
ASSIGNMENT:
UNIT/ROOM NUMBER:

**A. Describe Problem:** Law Library CCR 15 # 3170 # 3164 (d) If an inmate's Housing Restricts Him or Her From Going to The inmate law library, Arrangements will be Made to deliver Requested and Avaible law library materials to The inmate's quarters.
CCR 15 # 3160 - (A) Inmate Access to The Courts ⊙ shall not be Obstructed.
Penal Code # 5058 # 5054 # 2601 Are being violated without a law library to Access.

If you need more space, attach one additional sheet.

**B. Action Requested:** Phone book? Yellowpages.com?

Inmate/Parolee Signature: J. Stephen King
Date Submitted: 1-23-07

**C. INFORMAL LEVEL** (Date Received: _____)

Staff Response: _____

Staff Signature: _____
Date Returned to Inmate: _____

RECEIVED
JUN 2 2007
INMATE APPEALS BRANCH

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____
Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

RJD-M-277

## CALIFORNIA STATE PRISON-LOS ANGELES COUNTY

**RE:**                 APPEAL LOG # LAC-C-06-02512
                        First Level Appeal Response

**NAME:**               KING

**CDC#**                K-68407

**APPEAL DECISION:**    PARTIALLY GRANTED

**APPEAL ISSUE:**       LEGAL

In your appeal you stated that the law library is in violation of the California Code of Regulations (CCR) Title 15, Section 3160(a), which states in part that inmate access to courts shall not be obstructed. *Inmate Access to Courts*. You further stated that Penal Code, Sections 2601, 5054, and 5058 are being violated with outdated Phone Directories at California State Prison-Los Angeles County.

You requested new Phone Directories for 2006.

### APPEAL RESPONSE:

On August 21, 2006, G. Douglas, Academic Vice-Principal (A), interviewed you in person, providing you the opportunity to fully explain your appeal, and/or for you to provide any additional information or documentation. You did not provide any additional information.

A review of your appeal was conducted which included your interview and this appeal. Results of the review revealed that as indicated in your Informal Level Response, telephone directories/yellow pages are not mandated to be provided and/or kept current. Furthermore and also noted in your Informal Level Response, Court Directories are current and accessible within the law library; therefore providing you a means of access to the courts.

Regarding your claim that you are unable to gain access to the library when the outside temperature reaches 90 degrees, there is a procedure in place. During yard time, the building floor officer may notify the facility librarian to determine if there is space available. Subsequently, if space permits, custody staff may then release you to walk to the library, regardless of the outside temperature.

Therefore, based on the aforementioned information, your appeal is partially granted at the First Level of Review, in that if space permits, you may gain access to the library, regardless of the outside temperature.

G. DOUGLAS
Academic Vice-Principal (A)

M. MAGEE
Principal (A)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: SEP 2 2 2007

In re:   King, K-68407
Richard J. Donovan Correctional Facility
at Rock Mountain
P.O. Box 799006
San Diego, CA  92179-9005

IAB Case No.: 0617271          Local Log No.: RJD 07-00277

This matter was reviewed on behalf of the Director of the California Department of Corrections and
Rehabilitation (CDCR) by Appeals Examiner Rick Manuel, Facility Captain. All submitted documentation
and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT:  It is the appellant's position that his request to access a phone book or the
Yellow Pages was inappropriately denied. The appellant explains that he is in need of an attorney; however,
his current housing restricts him from physical access to the law library. He relates that when an inmate is not
allowed physical access to the law library, his legal needs are met via the institutional paging system. He
relates that he requested access to a phone book or the Yellow Pages, so he could seek out a new attorney;
however, his request was unfairly denied. The appellant requests on appeal that he be allowed access to a
phone book or the Yellow Pages.

II   SECOND LEVEL'S DECISION:  The reviewer found that the appellant's concerns have been properly
addressed. Developed information revealed that the appellant's housing status does not disallow him to
attend law library sessions. However, in that he has no pending litigation or court ordered deadline dates, he
must obtain access to the law library by submitting the appropriate request form. The appellant is reminded
that his housing unit has specific days and times each week to visit the law library. The appellant is
encouraged to submit a request, so that he can attend the law library as soon as his name reaches the top of
the waiting list for his housing unit. As for the appellant's request to access a phone book or Yellow Pages,
the appellant is advised that phone books are not maintained in either the recreation library or law library.
The reviewer reports that there are some old Yellow Pages in the law library; however, they are about ten
years old. White Pages are not permitted in either library. Based upon the aforementioned information, the
reviewer considers the appellant's request granted in part at the Second Level of Review (SLR).

III  DIRECTOR'S LEVEL DECISION:  Appeal is denied.

A.  FINDINGS:  The documentation and arguments presented are persuasive that the appellant has failed
to support his appeal issue with sufficient evidence or facts to warrant a modification in the SLR. There
is no evidence that supports the appellant's contention that he has inappropriately been denied access to a
phone book or a copy of the Yellow Pages. The reviewer has verified that the appellant's housing status
does not restrict him from attending the law library. The appellant has been advised of the procedure to
receive a law library ducat. Furthermore, he has been advised that his housing unit is assigned specific
days and times they can attend the law library. When the appellant accesses the law library he will find
that ten-year old Yellow Pages are available; however, phone books are not maintained in any of the
institutional libraries. Despite the appellant's dissatisfaction with the SLR decision, he has failed to offer
any new or compelling evidence that substantiates his claim. Further review at the Director's Level of
Review is not warranted.

B.  BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3001, 3120, 3122, 3160, 3270

C.  ORDER:  No changes or modifications are required by the institution.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:   **MAR 2 7 2007**

In re:   King, K-68407
Richard J. Donovan Correctional Facility
at Rock Mountain
P.O. Box 799006
San Diego, CA 92179-9005

F3-15-228u

IAB Case No.: 0605848          Local Log No.: LAC 06-03015

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:**  The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #C06-07-0074, dated July 20, 2006, for "Threatening Staff," a Division "F" offense. The appellant maintains that the incident was the result of staff misconduct in the initiation of disciplinary action against him. It is the appellant's position that he is not guilty of the RVR. He requests dismissal of the RVR.

**II    SECOND LEVEL'S ARGUMENT:**  The reviewer found that the appellant was afforded all of his due process rights, including a fair and unbiased hearing. On July 20, 2006, the appellant threatened the reporting employee, stating "...I'm gonna write you at home, like I did the others." The appellant has a history of writing unsolicited mail to persons unknown to him confirming that he had the ability to carry out his threat. The appellant was found guilty based upon a preponderance of evidence by an impartial Senior Hearing Officer (SHO). The appellant did not meet the criteria for the assignment of an Investigative Employee to assist him in the gathering of evidence. The appellant is a Correctional Clinical Case Management System (CCCMS) status inmate. His CCCMS level of care does not require that his behavior or that the penalty need not be considered in adjudication of the RVR. The appellant did not meet the criteria for the assignment of a Staff Assistant as there was no need for a confidential relationship; the issues are not complex; and the appellant is not illiterate and understands English. The appellant requested that the reporting employee be present at the hearing. The SHO allowed the reporting employee and documented the statements provided. The appellant requested that four additional witnesses be present at the hearing. The SHO allowed one of the witnesses and documented the statements provided by him. The SHO determined that the other three requested witnesses had no additional or relevant information to provide for a decision to be rendered.

**III  DIRECTOR'S LEVEL DECISION:**  Appeal is denied.

   **A.  FINDINGS:**  The appellant was afforded all due process rights in the adjudication of the RVR and all procedural guidelines were met. A preponderance of evidence was established by an impartial SHO to sustain the guilty finding. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.

   **B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15. Section: 3005, 3315, 3320, 3323

   **C.  ORDER:**  No changes or modifications are required by the institution.

Jesse Stephen King
Salinas Valley State Prison
08-105
P.O. Box 1050
Soledad California
, 93560.

STATE PRISON
GENERATED MAIL

RECEIVED
AUG 1 4 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United State Courthouse
Clerk's Office
450 Golden Gate Avenue, 16 th Floor
San Francisco, California
, 94102